NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| Ruben ORENGO, | |
| Plaintiff, | Civil No. 16-2542 |
| | **Opinion** |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon the appeal of Plaintiff Ruben Orengo for review of the final determination of the Commissioner of Social Security ("Commissioner"). The Commissioner denied his application for Social Security Disability Insurance ("SSDI") benefits under Title II of the Social Security Act and for Supplementary Security Income ("SSI") under Title XVI of the Social Security Act. For the reasons set forth below, the decision of the Commissioner is **VACATED** and the Court will remand this matter to the Administrative Law Judge ("ALJ") for further proceedings consistent with this Opinion.

**I.   BACKGROUND**

On April 18, 2012, Plaintiff filed a claim for SSDI benefits and a claim for SSI benefits for the alleged physical and mental ailments detailed below. R. at 11. Plaintiff's alleged disability began March 1, 2009. *Id.* Plaintiff's claims were denied initially on September 28, 2012 and denied after reconsideration on February 12, 2013. *Id.* Afterwards, he requested a

hearing before an ALJ that was held on November 4, 2014. *Id.* The ALJ denied Plaintiff's claims on November 21, 2014, and Plaintiff then filed the present Complaint appealing the decision on May 5, 2016 (Doc. No. 1).

### A. Plaintiff's Alleged Impairments

For background purposes, a brief medical history of Plaintiff's ailments follows. On January 20, 2011, Plaintiff visited the emergency room for a headache and chest pains. R. at 370. On January 25, 2011 and March 2, 2011, Plaintiff visited his primary care physician, who noted that a normal mood, affect, attention span, and concentration. *Id.* at 392, 401. On October 8, 2012, Plaintiff requested refills of medication to treat his bipolar disorder. *Id.* at 428. Between March 21, 2012 and December 13, 2013, Plaintiff visited Harmony Place, a drug treatment center. Their treatment records note that Plaintiff was cooperative, was alert, made good eye contact, and had normal speech, but had a depressed affect. *Id.* at 441, 446, 464, 468. Records from October 6, 2014 contain similar findings, but also contained a diagnosis of opiate dependence, cocaine abuse, and bipolar disorder/depression. *Id.* at 491–92.

Plaintiff attended a consultative examination with Dr. David Bogacki on July 13, 2012. During the examination, Plaintiff used logical, coherent, and goal-direct speech; and had intact abstraction, judgment, and insight. *Id.* However, he reported depression and substance abuse. *Id.* at 407. Dr. Bogacki diagnosed Plaintiff with opioid dependence and bipolar disorder, which he noted would worsen when Plaintiff did not take medication. *Id.* 408.

Mr. Richard Pessagno of Harmony Place was Plaintiff's treating therapist. On January 24, 2013, Mr. Pessagno found that Plaintiff was alert and oriented, was cooperative with good eye contact, and had normal speech. *Id.* at 457–58. He also noted that Plaintiff had goal-oriented thought process, good abstraction, fair to good judgment, and fair concentration and memory. *Id.*

However, Plaintiff was depressed and had a history of using heroin and cocaine. *Id.* Mr. Pessagno concluded that Plaintiff had no limitation in sustained concentration and persistence, or in social interaction. *Id.* at 459. On April 18, 2014, Mr. Pessagno opined that Plaintiff could not perform for 15% or more of an eight hour workday in his ability to understand, remember, sustain concentration, and adapt. *Id.* 483–84. Plaintiff was also precluded from performing for more than 10% of an eight hour workday in his ability to interact with others. *Id.* Furthermore, Plaintiff would be off task for more than 30% of a workday and absent from work five days or more a month. *Id.* at 484. Plaintiff's substance abuse issues were labeled as serious. *Id.* at 486.

On August 25, 2012, a state agency physician, Dr. Thomas Yared, reviewed Plaintiff's medical records and conducted a psychiatric review technique assessment. *Id.* at 87–88. Dr. Yared concluded that Plaintiff had moderate restrictions in activities of daily living; moderate difficulties in social functioning; mild difficulties in concentration, persistence, or pace; and one or two episodes of decompensation. *Id.* He decided that Plaintiff had a sufficient mental residual functional capacity to perform unskilled work. *Id.* at 91–93. Another state agency physician, Dr. Nenuca Bustos, also reviewed Plaintiff's medical records and agreed with Dr. Yared's findings. *Id.* at 120–21, 125–26.

At Plaintiff's hearing, medical expert ("ME") Dr. Richard Cohen testified regarding Plaintiff's impairments. Dr. Cohen concluded that Plaintiff did not meet a listing because of mild restriction in activities of daily living, moderate restriction in social function, and mild restriction in concentration, persistence, or pace with no periods of decompensation for an extended period of time. *Id.* at 35–36. He noted that cocaine abuse mimics the symptoms of manic disorder, and there were no six month periods of sobriety with signs and symptoms of bipolar disorder. *Id.* The ALJ also received testimony from a vocational expert ("VE"). The VE stated the Plaintiff could

not perform past relevant work but could perform the unskilled jobs of picker belt operator and bench assembler, which exist in significant numbers in the national economy. *Id.* at 59–60.

B. **The ALJ's Decision**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ used the established five-step evaluation process to determine if Plaintiff was disabled. *See* 20 C.F.R. § 404.1520. For the first four steps of the evaluation process, the claimant has the burden of establishing his disability by a preponderance of the evidence. *Zirnsak v. Colvin*, 777 F.3d 607, 611–12 (3d Cir. 2014). First, the claimant must show that he was not engaged in "substantial gainful activity" for the relevant time period. *See* 20 C.F.R. § 404.1572 (defining "substantial gainful activity"). Second, the claimant must demonstrate that he has a "severe medically determinable physical and mental impairment" that lasted for a continuous period of at least 12 months. *See* 20 C.F.R. § 404.1520(a)(4)(ii) (explaining second step); 20 C.F.R. § 404.1509 (setting forth the duration requirement). Third, either the claimant shows that his condition was one of the Commissioner's listed impairments, and therefore he is disabled and entitled to benefits, or the analysis proceeds to step four. 20 C.F.R. § 404.1420(a)(4)(iii) (explaining the third step); *see also* 20 C.F.R. pt. 404, subpt. P., app. 1. Fourth, if the condition is not equivalent to a listed impairment, the claimant must show that he cannot perform his past work, and the ALJ must assess the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(a)(4)(iv) (explaining the fourth step); 20 C.F.R. § 404. 1520(e) (same). If the claimant meets his burden, the burden shifts to the Commissioner for the last step. *Zirnsak*, 777 F.3d at 612. At the fifth and last step, the Commissioner must establish

4

that other available work exists that the claimant is capable of performing based on his RFC, age, education, and work experience. *Id.*; 20 C.F.R. § 404.1520 (a)(4)(v) (explaining the fifth step). If the claimant can make "an adjustment to other work," he is not disabled. *See* 20 C.F.R. § 404.1520(a)(4)(v).

At step one, the ALJ determined that Plaintiff did not engage in substantial gainful activity after March 1, 2009. R. at 13. At step two, the ALJ found that Plaintiff had the severe impairments of arthralgia, hyperlipidemia, asthma, headaches, plantar fasciitis, hypertension, and substance abuse. *Id.* The ALJ also considered Plaintiff's bipolar disorder and found the impairment to be non-severe. *Id.* at 14. At step three, the ALJ concluded that Plaintiff did not suffer from one of the listed impairments that would render him automatically disabled. *Id.* At step four, the ALJ decided that although he could no longer perform any past relevant work, he had the RFC to perform sedentary work with some limitations.[1] *Id.* at 15, 17. At step five, the ALJ found that there were a significant number of jobs in the national economy that Plaintiff was qualified to perform based on his age, education, work experience, and RFC. *Id.* at 18. Accordingly, the ALJ concluded that Plaintiff was not disabled during the relevant time period. *Id.* at 19.

## II.     STANDARD OF REVIEW

When reviewing the Commissioner's final decision, this Court is limited to determining whether the decision was supported by substantial evidence, after reviewing the administrative

---

[1] The ALJ found that Plaintiff had the RFC to "perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except is limited to unskilled work that deals with things rather than people; can perform occasional climbing of ramps, stairs and never climbing ropes, scaffolds or ladders; frequently balance; occasional stooping, crouching, crawling and kneeling; avoid even moderate exposure to extreme heat, cold, wetness or humidity; avoid concentrated exposure to vibration, fumes, odors, dusts, gas, poor ventilation, machinery or unprotected heights." R. at 15.

5

record as a whole. *Zirnsak*, 777 F.3d at 610 (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000). The often-used quotation for the standard is that substantial evidence is "more than a mere scintilla but may be somewhat less than a preponderance of the evidence." *See, e.g., Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). Courts may not set aside the Commissioner's decision if it is supported by substantial evidence, even if this court "would have decided the factual inquiry differently." *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001).

When reviewing a matter of this type, this Court must be wary of treating the determination of substantial evidence as a "self-executing formula for adjudication." *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983). This Court must set aside the Commissioner's decision if it did not take into account the entire record or failed to resolve an evidentiary conflict. *See Schonewolf v. Callahan*, 927 F. Supp. 277, 284–85 (D.N.J. 1997) (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)). Evidence is not substantial if "it really constitutes not evidence but mere conclusion," or if the ALJ "ignores, or fails to resolve, a conflict created by countervailing evidence." *Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent*, 710 F.2d at 114). A district court's review of a final determination is a "qualitative exercise without which our review of social security disability cases ceases to be merely deferential and becomes instead a sham." *Kent*, 710 F.2d at 114.

## III. DISCUSSION

The ALJ determined that Plaintiff was not disabled within the meaning of §§ 216(i) and 223(d) of the Social Security Act. Plaintiff appeals the Commissioner's final decision on the grounds that the ALJ failed to properly evaluate six portions of the record: Plaintiff's bipolar

6

disorder; Plaintiff's restrictions in activities of daily living and social functioning; the ME's testimony; Plaintiff's testimony; Plaintiff's substance abuse; and the VE's testimony. The Court addresses each argument in turn.

### A. Bipolar Disorder

Plaintiff first contends that step two is not supported by substantial evidence because the ALJ failed to find Plaintiff's bipolar disorder to be a severe impairment. Where the ALJ finds in a claimant's favor at step two despite concluding erroneously that some severe impairments were non-severe, the error is harmless and remand is not appropriate. *See, e.g.*, *Salles v. Comm'r of Soc. Sec.*, 229 F. App'x 140, 145 n.2 (3d Cir. 2007). In this matter, the ALJ decided step two in Plaintiff's favor. Thus, any error as to the non-severity of Plaintiff's bipolar disorder is harmless and not a basis for remand.

Plaintiff also appears to argue that the ALJ improperly failed to include the symptoms of bipolar disorder as limitations in step four. The opinion does acknowledge that Plaintiff exhibits symptoms such as mood lability, racing thoughts, no need for sleep, and reckless behavior, and ultimately concludes that those symptoms are not of mental illness but substance abuse. R. at 16. The ALJ, however, fails to explain why he arrived at that conclusion based on the medical evidence of record. Absent that discussion, the Court cannot review whether the record supports the denial of benefits. Thus, the ALJ's treatment of Plaintiff's symptoms of bipolar disorder in step four is not supported by substantial evidence.

### B. Restrictions in Activities of Daily Living and Social Functioning

Next, Plaintiff asserts that the ALJ failed to consider Dr. Cohen's testimony which found mild restrictions in activities of daily living and moderate impairment in social functioning. The Court notes that the opinion dedicates two paragraphs to evaluating Plaintiff's activities of daily

7

living and social functioning. *See id.* at 14. Those portions cite to pages from the record — office treatment records, examination reports, and function reports — that support the ALJ's ultimate decision of no limitations. While the ALJ does not reference specific portions of Dr. Cohen's testimony. He need not discuss every treatment note where the record is voluminous. *Fargnoli*, 247 F.3d at 42. Given the ALJ's summary of the relevant portions of the medical evidence, the Court finds the evaluation of activities of daily living and social functioning to be supported by substantial evidence.

### C. Medical Expert Testimony

Plaintiff also seeks remand because the Commissioner took the ME's testimony prior to that of Plaintiff's. Plaintiff contends that the Hearings, Appeals and Litigation Law ("HALLEX") manual I-2-6-70 suggests the ME must testify after the claimant. HALLEX provisions, however, "lack the force of law and create no judicially-enforceable rights." *Bordes v. Comm'r of Soc. Sec.*, 235 F. App'x 853, 859 (3d Cir. 2007) (citing *Schweiker v. Hansen*, 450 U.S. 785, 789 (1981)). The Court thus rejects this argument of Plaintiff's.

### D. Plaintiff's Testimony

Plaintiff asserts that the ALJ failed to properly evaluate his credibility. A person's complaints should be given "great weight and may not be disregarded unless there exists contrary medical evidence." *Mason v. Shalala*, 994 F.2d 1058, 1067–68 (3d Cir. 1993) (citations and internal quotations omitted). SSR 96-7p requires that the ALJ's decision "contain specific reasons for the finding on credibility, supported by the evidence in the case record." A conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible" does not suffice. SSR 96-7p. In determining credibility, the

ALJ must examine the entire case record, including objective medical evidence, the individual's statements, information provided by physicians, and other relevant evidence in the record. *Id.*

In this case, the ALJ concluded that Plaintiff's statements regarding the intensity, persistence, and limiting effects of his symptoms are not entirely credible, "for the reasons explain in this Decision." R. at 16. The opinion then proceeds to summarize the statements Plaintiff made during examinations, whether they were internally coherent, and whether they were consistent with medical evidence like examination results. *Id.* The Court finds that this discussion contained sufficiently specific reasons in support of the ALJ's ultimate assessment of Plaintiff's credibility. As such, the evaluation of Plaintiff's testimony is supported by substantial evidence.

**E. Substance Abuse**

Plaintiff challenges step four for failing to include Plaintiff's substance abuse in formulating the list of limitations, in particular his time off task and difficulty dealing with others. SSR 13-2p requires that the ALJ apply a four step evaluation process in evaluating drug addiction and alcoholism ("DAA"). At step one, the ALJ determines if the claimant has DAA. At step two, the ALJ considers if the claimant is disabled considering all of her impairments, including DAA. Here, the Court is satisfied that the ALJ properly considered Plaintiff's difficulties dealing with others, as he limited Plaintiff to work that deals with things rather than people. As for time spent off task, the opinion references contradictory evidence from the record that shows Plaintiff had normal attention span and concentration. *See* R. at 16. The Court is thus satisfied that that ALJ's analysis of Plaintiff's substance abuse is supported by substantial evidence.

### F. Vocational Expert's Testimony

Lastly, Plaintiff contends that the ALJ erred in failing to ask the VE whether his testimony is consistent with the Dictionary of Occupational Titles ("*DOT*"). SSR 00-4p requires that the ALJ inquire about a conflict where the VE "provides evidence about the requirements of a job or occupation." Here, the ALJ questioned the VE regarding the jobs that required unskilled, sedentary work that deals with things rather than people, and thereby triggered the requirement under SSR 00-4p. R. at 56–62. The ALJ's failure to inquire about the *DOT*, however, is not a basis for remand unless there is a conflict between the VE's testimony and the *DOT*. *See Rivera-Negron v. Astrue*, No. Civ. 12-3837, 2013 WL 5823713, at *4 (E.D. Pa. Oct. 30, 2013); *Jackson v. Barnhart*, 120 F. App'x 904, 906 (3d Cir. 2005) (holding that a violation of SSR 00-4p does not warrant remand if the error is harmless). Here, Plaintiff presents no point of conflict between the VE's testimony and the *DOT*, and the Court thus will not remand on this basis.

## IV. CONCLUSION

For the reasons discussed above, the decision of the Commissioner is **VACATED** and the Court will remand this matter to the ALJ for further proceedings consistent with this Opinion.

Dated: 09/05/2017  /s Robert B. Kugler

ROBERT B. KUGLER

United States District Judge